Following a jury trial in the District Court, the defendant, Raisa R. Vetrova, was convicted of shoplifting by asportation, third offense. She appeals claiming that prior bad act evidence was improperly admitted and that the evidence was insufficient. We affirm.
Facts. We briefly summarize the facts the jury could have found. On October 30, 2014, loss prevention officer Brian Richards was working in the CVS Pharmacy in Marlborough when he observed the defendant enter the store with a large purse. Through direct observation and the use of mirrors located in the store ceiling, Richards saw the defendant take two canisters of Kerastase hair products off the shelf, rip off the security labels and cellophane wrapping, and put them in her purse. When the defendant was surprised by another customer entering the aisle, she took one canister out of her purse and returned it to the shelf. Each bottle sells for $62.99. She then went to the register and picked up and paid for a few inexpensive items.
As she walked outside, Richards approached and asked the defendant to step back in the store because "you have some stuff you didn't pay for." She responded, "Why? So I could be arrested?" and she told Richards to "Fuck off." She got in her car and drove away. Richards had no authority to stop the defendant, but he was able to get her license plate number. Richards found the single canister of Kerastase without any wrapping or security tag the defendant had returned to the shelf. The other canister was never recovered.
Discussion. 1. Prior bad act evidence. The defendant's claim, that her statement to Richards is an inadmissible prior bad act, must fail. The statement was redacted to prevent any inference of prior bad act evidence. Specifically, Richards's reference to the defendant by name and the use of the word "again" in her response to him were both omitted. In addition, the statement, as redacted, was made during the commission of the crime charged and is unrelated to any apparent prior bad act. More importantly, because the statement tends to establish that the defendant is guilty of shoplifting by acknowledging that she could be arrested, it constitutes an admission and is admissible for its truth. See Commonwealth v. Bonomi, 335 Mass. 327, 347 (1957) ("An admission in a criminal case is a statement by the accused, direct or implied, of facts pertinent to the issue, which although insufficient in itself to warrant a conviction tends in connection with proof of other facts to establish his guilt"); Commonwealth v. Lewin (No. 2), 407 Mass. 629, 631 (1990) ; and Commonwealth v. Lester, 70 Mass. App. Ct. 55, 61 (2007).
Nor are we persuaded that the multiple references to the statement were unduly prejudicial when it was directly relevant to the crime charged.
2. Sufficiency of the evidence. We review a claim of sufficiency of the evidence by considering the evidence in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). A conviction of shoplifting requires proof that the defendant "intentionally ... carrie[d] away [or] transfer[red] any merchandise displayed, held, stored or offered for sale by any store ... with the intention of depriving the merchant of the possession, [or] use of benefit of such merchandise ..." G. L. c. 266, § 30A. Based on Richards's testimony, the jury could have found that the defendant entered CVS, picked up and put a canister of Kerastase in her purse, and left the store without paying for it, and that her statement to Richards indicated that she knew she was guilty. The evidence was sufficient to prove shoplifting by asportation.
Judgment affirmed.